**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**

| | |
|---|---|
| **BRUNSWICK CORPORATION,** | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) CASE NO.:<br>) |
| **VOLVO PENTA OF THE AMERICAS, LLC,** | )<br>) **JURY DEMAND** |
| Defendant. | )<br>) |

## COMPLAINT

Brunswick Corporation ("Brunswick"), by and through its counsel, states the following in support of its Complaint for patent infringement against Defendant Volvo Penta of the Americas, LLC ("Volvo").

## PARTIES

1. Brunswick is a Delaware Corporation with its principal place of business at 26125 North Riverwoods Boulevard, Suite 500, Mettawa, Illinois 60045. Brunswick is a multinational company serving, among others, outdoor active recreation markets with consumer products, including marine engines and various types of boats. Brunswick has multiple divisions, including Mercury Marine, which is located in Fond du Lac, Wisconsin. Under the Mercury Marine brand, Brunswick is the world's leading manufacturer of marine propulsion systems, including outboard motors which are used to power boats.

2. On information and belief, Volvo is a Delaware limited liability company with its principal place of business at 1300 Volvo Penta Drive, Chesapeake, Virginia 23320. Volvo is a competitor of Brunswick.

## JURISDICTION AND VENUE

3. This is an action for patent infringement arising out of Volvo's unauthorized manufacturing, using, offering for sale, selling, and/or importing of semi-autonomous docking and positioning systems and methods for marine vessels in violation of Brunswick's patent rights. Because this action for infringement arises under the patent laws of the United States, 35 U.S.C. § 271, *et seq.*, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has personal jurisdiction over Volvo in that at all times pertinent hereto, upon information and belief, Volvo's principal place of business is in Chesapeake, Virginia, which is within this Division.

5. Venue is proper in this Division pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b) because, at a minimum, Volvo resides in this Division, has a regular and established place of business in this Division, and has committed acts of infringement in this Division.

## THE PATENTS-IN-SUIT

6. Brunswick is the assignee and owner of U.S. Patent No. 7,305,928 ("the '928 patent"). The '928 patent, which is entitled "Method for positioning a marine vessel," was duly and legally issued by the U.S. Patent and Trademark Office on December 11, 2007. A true and correct copy of the '928 patent is attached hereto as **Exhibit A**.

7. Brunswick is the assignee and owner of U.S. Patent No. 7,727,036 ("the '036 patent"). The '036 patent, which is entitled "System and method for controlling movement of a marine vessel," was duly and legally issued by the U.S. Patent and Trademark Office on June 1, 2010. A true and correct copy of the '036 patent is attached hereto as **Exhibit B**.

8. Brunswick is the assignee and owner of U.S. Patent No. 10,095,232 ("the '232 patent"). The '232 patent, which is entitled "Station keeping methods," was duly and legally issued by the U.S. Patent and Trademark Office on October 9, 2018. On October 12, 2018, Brunswick filled a

Request for Certificate of Correction Pursuant to 37 C.F.R. § 1.323 with the U.S. Patent and Trademark Office to correct minor typographical and clerical errors. Brunswick proposed, and the U.S. Patent and Trademark Office adopted, certain corrections, which are not subject to reasonable debate based on consideration of the claim language, the specification, and the prosecution history. These corrections neither constitute new matter nor require reexamination. The U.S. Patent and Trademark Office issued the Certificate of Correction on December 18, 2018. A true and correct copy of the '232 patent, including the Certificate of Correction, is attached hereto as **Exhibit C**.

9. Brunswick is the assignee and owner of U.S. Patent No. 10,324,468 ("the '468 patent"). The '468 patent, which is entitled "System and method for controlling a position of a marine vessel near an object," was duly and legally issued by the U.S. Patent and Trademark Office on June 18, 2019. A true and correct copy of the '468 patent is attached hereto as **Exhibit D**.

10. Brunswick is the assignee and owner of U.S. Patent No. 10,671,073 ("the '073 patent"). The '073 patent, which is entitled "Station keeping system and method," was duly and legally issued by the U.S. Patent and Trademark Office on June 2, 2020. A true and correct copy of the '073 patent is attached hereto as **Exhibit E**.

11. The '928, '036, '232, '468, and '073 patents are collectively referred to herein as the "Patents-in-Suit."

## COUNT I:
## INFRINGEMENT OF UNITED STATES PATENT NO. 7,305,928

12. Brunswick repeats and realleges the allegations in the introduction and paragraphs 1-11 as if fully set forth herein.

13. The '928 patent is valid and enforceable.

14. The '928 patent describing a method for positioning a marine vessel was filed with the U.S. Patent and Trademark Office on October 12, 2005, and issued on December 11, 2007. The U.S.

Patent Office carefully examined the claims that ultimately issued in the '928 patent. Consistent with 35 U.S.C. § 282 and the limitations of the claims of the '928 patent, a person having ordinary skill in the art would understand that each claim of the '928 patent (independent or dependent) relates to a separate invention distinct from other claims as for example with dependent claim 2 which is distinct from independent claim 1.

15. The U.S. Patent Office considered the claims of the '928 patent against the background of prior technology to determine if the claims of the '928 patent identified a patentable advance over prior art systems before issuing the patent. Among other things, the U.S. Patent Office searched multiple sets of prior art in classifications including, but not limited to, 144/144 A, 144/144 R, 144 B, 144 RE, 151; 440/1, 440/53, 84. The face of the '928 patent identifies some of the prior art from these classifications as well as other prior art considered in allowing the various claims of the '928 patent.

16. A person having ordinary skill in the art would understand that the separate claims in the '928 patent did not pre-empt any field, but are improvements in methods of positioning and maneuvering a marine vessel.

17. The filing of this Complaint constitutes notice and actual knowledge in accordance with 35 U.S.C. § 287, to the extent necessary.

18. Without permission or authorization from Brunswick, Volvo, directly or through the actions of its employees, divisions, and/or subsidiaries, has manufactured, used, offered for sale, sold, and/or imported, and continues to manufacture, use, offer for sale, sell, and/or import certain marine vessel propulsion systems, including, without limitation, Assisted Docking, which infringe at least claim 1 of the '928 patent in violation of 35 U.S.C. § 271(a).

19.     Without permission or authorization from Brunswick and in violation of 35 U.S.C. § 271(b), Volvo, directly or through the actions of its employees, divisions, and/or subsidiaries, is inducing the direct infringement of at least claim 1 of the '928 patent by aiding, abetting, and encouraging its customers' use of Assisted Docking with knowledge of the infringement of the '928 patent and with the intent to cause such infringement. This is exemplified by screenshots from Volvo's website, www.volvogroup.com, and other public facing materials that encourage and demonstrate how to infringe the methods claimed by the '928 patent. (*See, e.g.*, **Exhibits K-Z**.)

20.     For example, and more specifically, the chart attached as **Exhibit F** hereto describes how Assisted Docking meets each and every claim limitation of claim 1 of the '928 patent.

21.     Brunswick reserves the right to modify its infringement theories as discovery progresses in this case; it shall not be estopped for infringement contention or claim construction purposes by the information contained herein. The chart provided as **Exhibit F** is intended to satisfy the notice requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure; it does not represent Brunswick's preliminary or final infringement contentions or preliminary or final claim construction positions.

22.     Any continued infringement of the '928 patent by Volvo subsequent to the filing of this Complaint is willful, wanton, and deliberate thus rendering this case "exceptional" within the meaning of 35 U.S.C. § 285 and entitling Brunswick to its reasonable attorneys' fees and litigation expenses.

23.     Volvo's conduct has caused and will continue to cause Brunswick substantial damages, including irreparable harm, for which Brunswick has no adequate remedy at law, unless and until Volvo is enjoined from infringing the '928 patent.

## COUNT II:
## INFRINGEMENT OF UNITED STATES PATENT NO. 7,727,036

24. Brunswick repeats and realleges the allegations in the introduction and paragraphs 1-11 as if fully set forth herein.

25. The '036 patent is valid and enforceable.

26. The '036 patent describing a system and method for controlling movement of a marine vessel was filed with the U.S. Patent and Trademark Office on December 27, 2007, and issued on June 1, 2010. The U.S. Patent Office carefully examined the claims that ultimately issued as the '036 patent. Consistent with 35 U.S.C. § 282 and the limitations of the claims of the '036 patent, a person having ordinary skill in the art would understand that each claim of the '036 patent (independent or dependent) relates to a separate invention distinct from other claims as for example with dependent claim 2 which is distinct from independent claim 1.

27. The U.S. Patent Office considered the claims of the '036 patent against the background of prior technology to determine if the claims of the '036 patent identified a patentable advance over prior art systems and methods before issuing the patent. Among other things, the U.S. Patent Office searched multiple sets of prior art in classifications including, but not limited to, 440/1. The face of the '036 patent identifies some of the prior art from this classification as well as other prior art considered in allowing the various claims of the '036 patent.

28. A person having ordinary skill in the art would understand that the separate claims in the '036 patent did not pre-empt any field, but are improvements in systems and methods for controlling movement of a marine vessel.

29. The filing of this Complaint constitutes notice and actual knowledge in accordance with 35 U.S.C. § 287, to the extent necessary.

30. Without permission or authorization from Brunswick, Volvo, directly or through the actions of its employees, divisions, and/or subsidiaries, has manufactured, used, offered for sale, sold, and/or imported, and continues to manufacture, use, offer for sale, sell, and/or import certain marine vessel propulsion systems, including, without limitation, Assisted Docking, which infringe at least claim 1 of the '036 patent in violation of 35 U.S.C. § 271(a).

31. Without permission or authorization from Brunswick and in violation of 35 U.S.C. § 271(b), Volvo, directly or through the actions of its employees, divisions, and/or subsidiaries, is inducing the direct infringement of at least claim 1 of the '036 patent by aiding, abetting, and encouraging its customers' use of Assisted Docking with knowledge of the infringement of the '036 patent and with the intent to cause such infringement. This is exemplified by screenshots from Volvo's website, www.volvogroup.com, and other public facing materials which encourage and demonstrate how to infringe the systems and methods claimed by the '036 patent. (*See, e.g.*, **Exhibits K-Z**.)

32. For example, and more specifically, the chart attached as **Exhibit G** hereto describes how Assisted Docking meets each and every claim limitation of claim 1 of the '036 patent.

33. Brunswick reserves the right to modify its infringement theories as discovery progresses in this case; it shall not be estopped for infringement contention or claim construction purposes by the information contained herein. The chart provided as **Exhibit G** is intended to satisfy the notice requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure; it does not represent Brunswick's preliminary or final infringement contentions or preliminary or final claim construction positions.

34. Any continued infringement of the '036 patent by Volvo subsequent to the filing of this Complaint is willful, wanton, and deliberate thus rendering this case "exceptional" within the

meaning of 35 U.S.C. § 285 and entitling Brunswick to its reasonable attorneys' fees and litigation expenses.

35. Volvo's conduct has caused and will continue to cause Brunswick substantial damages, including irreparable harm, for which Brunswick has no adequate remedy at law, unless and until Volvo is enjoined from infringing the '036 patent.

## COUNT III:
## INFRINGEMENT OF UNITED STATES PATENT NO. 10,095,232

36. Brunswick repeats and realleges the allegations in the introduction and paragraphs 1-11 as if fully set forth herein.

37. The '232 patent is valid and enforceable.

38. The '232 patent describing a method for maintaining position and/or heading of a marine vessel in a body of water was filed with the U.S. Patent and Trademark Office on February 28, 2017, and issued on October 9, 2018. The U.S. Patent Office carefully examined the claims that ultimately issued as the '232 patent. Consistent with 35 U.S.C. § 282 and the limitations of the claims of the '232 patent, a person having ordinary skill in the art would understand that each claim of the '232 patent (independent or dependent) relates to a separate invention distinct from other claims as for example with dependent claim 2 which is distinct from independent claim 1.

39. The U.S. Patent Office considered the claims of the '232 patent against the background of prior technology to determine if the claims of the '232 patent identified a patentable advance over prior art systems before issuing the patent. Among other things, the U.S. Patent Office searched multiple sets of prior art in classifications including, but not limited to, B63B 2035/738; B63B 21/00; B63B 21/50; B63B 2213/00; B63B 2727/02; B63B 2751/00; B63B 35/00; B63B 39/005; B63B 39/061. The face of the '232 patent identifies some of the prior art from these classifications as well as other prior art considered in allowing the various claims of the '232 patent.

8

40. A person having ordinary skill in the art would understand that the separate claims in the '232 patent did not pre-empt any field, but are improvements in methods for maintaining position and/or heading of a marine vessel in a body of water.

41. The filing of this Complaint constitutes notice and actual knowledge in accordance with 35 U.S.C. § 287, to the extent necessary.

42. Without permission or authorization from Brunswick, Volvo, directly or through the actions of its employees, divisions, and/or subsidiaries, has manufactured, used, offered for sale, sold, and/or imported, and continues to manufacture, use, offer for sale, sell, and/or import certain marine vessel propulsion systems, including, without limitation, Assisted Docking, which infringe at least claim 1 of the '232 patent in violation of 35 U.S.C. § 271(a).

43. Without permission or authorization from Brunswick and in violation of 35 U.S.C. § 271(b), Volvo, directly or through the actions of its employees, divisions, and/or subsidiaries, is inducing the direct infringement of at least claim 1 of the '232 patent by aiding, abetting, and encouraging its customers' use of Assisted Docking with knowledge of the infringement of the '232 patent and with the intent to cause such infringement. This is exemplified by screenshots from Volvo's website, www.volvogroup.com, and other public facing materials that encourage and demonstrate how to infringe the methods claimed by the '232 patent. (*See, e.g.*, **Exhibits K-Z**.)

44. For example, and more specifically, the chart attached as **Exhibit H** hereto describes how Assisted Docking meets each and every claim limitation of claim 1 of the '232 patent.

45. Brunswick reserves the right to modify its infringement theories as discovery progresses in this case; it shall not be estopped for infringement contention or claim construction purposes by the information contained herein. The chart provided as **Exhibit H** is intended to satisfy the notice

requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure; it does not represent Brunswick's preliminary or final infringement contentions or preliminary or final claim construction positions.

46. Any continued infringement of the '232 patent by Volvo subsequent to the filing of this Complaint is willful, wanton, and deliberate thus rendering this case "exceptional" within the meaning of 35 U.S.C. § 285 and entitling Brunswick to its reasonable attorneys' fees and litigation expenses.

47. Volvo's conduct has caused and will continue to cause Brunswick substantial damages, including irreparable harm, for which Brunswick has no adequate remedy at law, unless and until Volvo is enjoined from infringing the '232 patent.

## COUNT IV:
## INFRINGEMENT OF UNITED STATES PATENT NO. 10,324,468

48. Brunswick repeats and realleges the allegations in the introduction and paragraphs 1-11 as if fully set forth herein.

49. The '468 patent is valid and enforceable.

50. The '468 patent describing a system and method for controlling a position of a marine vessel near an object was filed with the U.S. Patent and Trademark Office on November 20, 2017, and issued on June 18, 2019. The U.S. Patent Office carefully examined the claims that ultimately issued as the '468 patent. Consistent with 35 U.S.C. § 282 and the limitations of the claims of the '468 patent, a person having ordinary skill in the art would understand that each claim of the '468 patent (independent or dependent) relates to a separate invention distinct from other claims as for example with dependent claim 2 which is distinct from independent claim 1.

51. The U.S. Patent Office considered the claims of the '468 patent against the background of prior technology to determine if the claims of the '468 patent identified a patentable advance over

prior art systems before issuing the patent. Among other things, the U.S. Patent Office searched multiple sets of prior art in classifications including, but not limited to, G05D 1/0206; B63H 21/21; B63H 2025/026; B63J 2099/008; 701/21. The face of the '468 patent identifies some of the prior art from these classifications as well as other prior art considered in allowing the various claims of the '468 patent.

52. A person having ordinary skill in the art would understand that the separate claims in the '468 patent did not pre-empt any field, but are improvements in systems and methods for controlling a position of a marine vessel near an object.

53. The filing of this Complaint constitutes notice and actual knowledge in accordance with 35 U.S.C. § 287, to the extent necessary.

54. Without permission or authorization from Brunswick, Volvo, directly or through the actions of its employees, divisions, and/or subsidiaries, has manufactured, used, offered for sale, sold, and/or imported, and continues to manufacture, use, offer for sale, sell, and/or import certain marine vessel propulsion systems, including, without limitation, Assisted Docking, which infringe at least claim 1 of the '468 patent in violation of 35 U.S.C. § 271(a).

55. Without permission or authorization from Brunswick and in violation of 35 U.S.C. § 271(b), Volvo, directly or through the actions of its employees, divisions, and/or subsidiaries, is inducing the direct infringement of at least claim 1 of the '468 patent by aiding, abetting, and encouraging its customers' use of Assisted Docking with knowledge of the infringement of the '468 patent and with the intent to cause such infringement. This is exemplified by screenshots from Volvo's website, www.volvogroup.com, and other public facing materials that encourage and demonstrate how to infringe the systems and methods claimed by the '468 patent. (*See, e.g.*, **Exhibits K-Z**.)

56. For example, and more specifically, the chart attached as **Exhibit I** hereto describes how Assisted Docking meets each and every claim limitation of claim 1 of the '468 patent.

57. Brunswick reserves the right to modify its infringement theories as discovery progresses in this case; it shall not be estopped for infringement contention or claim construction purposes by the information contained herein. The chart provided as **Exhibit I** is intended to satisfy the notice requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure; it does not represent Brunswick's preliminary or final infringement contentions or preliminary or final claim construction positions.

58. Any continued infringement of the '468 patent by Volvo subsequent to the filing of this Complaint is willful, wanton, and deliberate thus rendering this case "exceptional" within the meaning of 35 U.S.C. § 285 and entitling Brunswick to its reasonable attorneys' fees and litigation expenses.

59. Volvo's conduct has caused and will continue to cause Brunswick substantial damages, including irreparable harm, for which Brunswick has no adequate remedy at law, unless and until Volvo is enjoined from infringing the '468 patent.

## COUNT V:
## INFRINGEMENT OF UNITED STATES PATENT NO. 10,671,073

60. Brunswick repeats and realleges the allegations in the introduction and paragraphs 1-11 as if fully set forth herein.

61. The '073 patent is valid and enforceable.

62. The '073 patent describing a system and method for maintaining a marine vessel at a global position and/or heading was filed with the U.S. Patent and Trademark Office on February 2, 2018, and issued on June 2, 2020. The U.S. Patent Office carefully examined the claims that ultimately issued as the '073 patent. Consistent with 35 U.S.C. § 282 and the limitations of the claims of the

'073 patent, a person having ordinary skill in the art would understand that each claim of the '073 patent (independent or dependent) relates to a separate invention distinct from other claims as for example with dependent claim 2 which is distinct from independent claim 1.

63. The U.S. Patent Office considered the claims of the '073 patent against the background of prior technology to determine if the claims of the '073 patent identified a patentable advance over prior art systems before issuing the patent. Among other things, the U.S. Patent Office searched multiple sets of prior art in classifications including, but not limited to, G05D 1/0206; G05D 1/0208; G05D 1/10; G05D 1/12; G05D 3/00; B63H 25/00; B63H 25/02; B63H 25/06; B63H 25/04; B63H 25/42; B63H 2025/045; B63H 2025/425; G01C 23/00; B63J 99/00; B63J 2099/008; 701/1, 21, 466, 300, 36, 49, 518. The face of the '073 patent identifies some of the prior art from these classifications as well as other prior art considered in allowing the various claims of the '073 patent.

64. A person having ordinary skill in the art would understand that the separate claims in the '073 patent did not pre-empt any field, but are improvements in systems and methods for maintaining a marine vessel at a global position and/or heading.

65. The filing of this Complaint constitutes notice and actual knowledge in accordance with 35 U.S.C. § 287, to the extent necessary.

66. Without permission or authorization from Brunswick, Volvo, directly or through the actions of its employees, divisions, and/or subsidiaries, has manufactured, used, offered for sale, sold, and/or imported, and continues to manufacture, use, offer for sale, sell, and/or import certain marine vessel propulsion systems, including, without limitation, Assisted Docking, which infringe at least claim 1 of the '073 patent in violation of 35 U.S.C. § 271(a).

67. Without permission or authorization from Brunswick and in violation of 35 U.S.C. § 271(b), Volvo, directly or through the actions of its employees, divisions, and/or subsidiaries, is inducing the direct infringement of at least claim 1 of the '073 patent by aiding, abetting, and encouraging its customers' use of Assisted Docking with knowledge of the infringement of the '073 patent and with the intent to cause such infringement. This is exemplified by screenshots from Volvo's website, www.volvogroup.com, and other public facing materials that encourage and demonstrate how to infringe the systems and methods claimed by the '073 patent. (*See, e.g.*, **Exhibits K-Z**.)

68. For example, and more specifically, the chart attached as **Exhibit J** hereto describes how Assisted Docking meets each and every claim limitation of claim 1 of the '073 patent.

69. Brunswick reserves the right to modify its infringement theories as discovery progresses in this case; it shall not be estopped for infringement contention or claim construction purposes by the information contained herein. The chart provided as **Exhibit J** is intended to satisfy the notice requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure; it does not represent Brunswick's preliminary or final infringement contentions or preliminary or final claim construction positions.

70. Any continued infringement of the '073 patent by Volvo subsequent to the filing of this Complaint is willful, wanton, and deliberate thus rendering this case "exceptional" within the meaning of 35 U.S.C. § 285 and entitling Brunswick to its reasonable attorneys' fees and litigation expenses.

71. Volvo's conduct has caused and will continue to cause Brunswick substantial damages, including irreparable harm, for which Brunswick has no adequate remedy at law, unless and until Volvo is enjoined from infringing the '073 patent.

**PRAYER FOR RELIEF**

Wherefore, Brunswick prays for judgment and relief as follows:

A. For a judgment that Volvo has infringed one or more claims of the '928 patent;

B. For a judgment that Volvo has infringed one or more claims of the '036 patent;

C. For a judgment that Volvo has infringed one or more claims of the '232 patent;

D. For a judgment that Volvo has infringed one or more claims of the '468 patent;

E. For a judgment that Volvo has infringed one or more claims of the '073 patent;

F. For an order preliminarily and permanently enjoining Volvo and its officers, directors, agents, employees, successors, and all persons in privity or active concert or participation with Volvo, directly or indirectly, from infringing the Patents-in-Suit;

G. For a judgment and award that Volvo account for and pay to Brunswick damages adequate to compensate for Volvo's infringement of the Patents-in-Suit, including lost profits but in no event less than a reasonable royalty, together with interest and costs as fixed by the Court and trebled for willful infringement as provided by 35 U.S.C. § 284;

H. For a judgment and award of any supplemental damages sustained by Brunswick for any continuing post-verdict infringement of the unexpired Patents-in-Suit until entry of final judgment with an accounting as needed;

I. For an order finding that this case is exceptional under 35 U.S.C. § 285 and awarding Brunswick its costs, expenses, and disbursements incurred in this action, including reasonable attorneys' fees as available by law to be paid by Volvo; and

J. For an award of such other relief as this Court deems just and proper.

**JURY DEMAND**

Brunswick hereby demands a trial by jury pursuant to Fed. R. Civ. P. 38 as to all issues triable by a jury.

Dated: February 1, 2022

/s/ *Eli L. Evans*

Eli L. Evans (VSB No. 90700)
**Foley & Lardner LLP**
Washington Harbour
3000 K Street, N.W.
Washington, D.C. 20007
Telephone: 202.672.5300
Facsimile: 202.672.5399
E-mail: eevans@foley.com

Of Counsel:

Kadie M. Jelenchick (*Pro hac vice* forthcoming)
Jack T. Carroll (*Pro hac vice* forthcoming)
**Foley & Lardner LLP**
777 East Wisconsin Avenue
Milwaukee, WI 53202-5306
Telephone: 414.271.2400
Facsimile: 414.297.4900
E-mail: kjelenchick@foley.com
E-mail: jcarroll@foley.com

*Attorneys for Plaintiff Brunswick Corporation*